[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14552
Non-Argument Calendar

_____

D. C. Docket No. 02-00078-CR-FTM-29

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK PENTZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 4, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jack Pentz appeals his sentence of 120 months' imprisonment imposed following his convictions for wire fraud, 18 U.S.C. § 1343, engaging in monetary transactions in criminally derived property, 18 U.S.C. § 1957, and money laundering, 18 U.S.C. § 1956. The 120-month sentence was imposed under the advisory Guidelines after we vacated Pentz's original 151-month sentence. *See United States v. Pentz*, 202 F. App'x 411, 417 (11th Cir. 2006). Pentz asserts two issues on appeal, which we address in turn.

## I.

Pentz first asserts the remedial holding in *United States v. Booker*, 125 S. Ct. 738 (2005), and the application of the advisory Guidelines on resentencing constituted an *ex post facto* violation because, at the time his crime was committed, the "statutory maximum" was the high end of the then-mandatory Guidelines without the application of any enhancements based on judge-found facts.

"We review *de novo* a defendant's claim that his sentence violated *ex post facto* principles." *United States v. Amedeo*, 487 F.3d 823, 831 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007) (quotations omitted). "[I]n *Booker*, the Supreme Court held that its remedial holding, making the Guidelines advisory, was to be applied to cases pending on direct review." *Id*. We have held there is no *ex post facto* violation in the retroactive application of *Booker* because "the law of this

2

Circuit then recognized the U.S. Code as the source of the maximum sentence." *Id.* (quoting *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005)). Thus, Pentz's argument is meritless.

## II.

Pentz next asserts his sentence is substantively unreasonable. He contends a sentence at the low end of the Guidelines range would have been sufficient to meet the statutory purposes of sentencing because: (1) his fraud began as a legitimate business, but only degenerated into fraud in an effort to stay above water; (2) he is unlikely to commit other crimes in the future; (3) the victim is likely to recover most of his losses; (4) Pentz acknowledged at resentencing that he had made significant errors in judgment; (5) a shorter sentence would enable him to more quickly begin making restitution payments; and (6) one of Pentz's co-defendants received only 27 months' imprisonment.

We review a final sentence for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). In conducting this review, we apply a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, failing

3

to consider the § 3553(a) factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.*

If there were no such procedural errors, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* This review involves inquiring whether the § 3553(a) factors support the sentence. *Id.* at 600. The factors presented in § 3553(a) include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). Although we do not apply a presumption of reasonableness to a sentence within the Guidelines range, where a sentence is within the Guidelines range, we generally expect the sentence to be a reasonable one. *Id.* at 788. A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *Id.*

We begin by noting there were no procedural errors in Pentz's sentence. The district court correctly calculated Pentz's Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, and adequately explained

4

the chosen sentence. *See Gall*, 128 S. Ct. at 597. Additionally, Pentz's sentence is substantively reasonable. Pentz merely argues the district court should have given more weight to certain factors, but nothing in the record indicates the district court abused its discretion in sentencing Pentz. In imposing sentence, the district court stated even though Pentz had no prior criminal history, he engaged in a fraudulent scheme that lasted a substantial period of time and defrauded a person of a substantial amount of money, thus considering the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. We cannot conclude this within-Guidelines sentence, imposed after consideration of the § 3553(a) factors, is unreasonable. *See Talley*, 431 F.3d at 788. The district court did not abuse its discretion in sentencing Pentz, and we affirm Pentz's sentence.

**AFFIRMED.**